May it please the Court. Philip Smith on behalf of the petitioner, Mr. Tomas Mendez. Your Honors, I would like to reserve one minute of my time for rebuttal. And what I'd like to do is focus my time on two main issues. First is Mr. Mendez, the first issue is Mr. Mendez's eligibility for the 212C waiver. And second, I want to focus on the procedural issues regarding the 212C waiver. Your Honors, the central question in this case is whether Mr. Mendez was eligible for a 212C waiver at his hearing in January 2003 when at the time he pled guilty in 1995 to a non-deportable offense and he served five years for that offense. At the time he was eligible for a 212C waiver under the law then in effect. And the question is did he remain eligible for the waiver at his immigration hearing in January 2003. If the answer is no he was not eligible for the waiver, then the Board did not abuse its discretion in denying the motion to reconsider and his removal order was lawfully executed. If on the other hand, he was eligible for the waiver and it's petitioner's position that under this court's decisions in US v. Leon Paz and US v. Ubaldo Figueroa along with the Supreme Court's decision in St. Cyr, he was eligible for the waiver at the time of his hearing because he was eligible for 212C relief. Tell me why the case is not controlled by Velasco Medina? Why Leon Paz and Ubaldo Figueroa shouldn't be distinguished and why we shouldn't have to follow Velasco Medina? Velasco Medina focused on an individual who pled guilty after the passage of the Anti-Terrorism and Effective Death Penalty Act in 1996. And the court in Velasco Medina said that someone that pled guilty after the passage of AEDPA was put on notice that he could lose his opportunity to apply for a 212C waiver. Mr. Mendez, on the other hand, and that's how Velasco Medina was distinguished in the Leon Paz and the Ubaldo Figueroa cases, Mr. Medina pled guilty before passage of AEDPA and IRERA. So he was not placed on notice. Velasco, he also pleaded, did he plead before IRERA? He pled guilty after AEDPA but before IRERA. So the IRERA timing is the same for both of them? That is correct. What would 212C relief have gained him had he been eligible to be considered for it? It would have waived, it would allow him to remain a lawful permanent resident. It would have waived the ground of deportability and it would have allowed him to stay in the United States lawfully and retain his lawful permanent resident status. So even if the crime is later reclassified, let's say he had obtained the relief, the waiver at the time, right then and there, the very day that he was eligible, right the day after he pleaded guilty, and then the crime were reclassified as an aggravated felony, could the government take away the waiver at that time when the statute changed or institute new proceedings against him based on the change in law? No Your Honor, under the law, once the waiver has been granted for that particular offense, then whether it's... It doesn't matter whether it's reclassified. It doesn't matter if it's reclassified as an aggravated felony. And it doesn't matter if the waiver is granted in an exclusion hearing or a deportation hearing or a removal hearing. So once it's waived, it is waived for that particular offense. There's something that confuses me here. Mendez waived his right to appeal the IJ's determination that he was ineligible for 212C relief. And that waiver, I think, was after the Anti-Terrorism and Effective Death Penalty Act. And he conferred with counsel when he made the waiver, and he made it expressly. And then he moved to Baja. And all we've got before us is the denial of this motion to reconsider, which seems like a loser because he's in Baja, so the court wouldn't have jurisdiction. How do we get over those humps? The board, in denying the motion to reconsider, reached the merits of this legal question about whether he was eligible for the waiver. And the board said he wasn't eligible for the waiver. If the conclusion was he was eligible for the waiver, then there is precedent in this circuit under Mendez, under Wietersburg, that the removal order was not lawfully executed because his due process rights would have been violated at the hearing. He was denied that. Let me get to his waiver at the hearing. You can waive a constitutional right. You can waive a constitutional right. But you can't waive a constitutional right because the IJ said you're not eligible for 212C relief, and he waived his right to appeal it with the advice of counsel explicitly. Why isn't that the end of it? In Ubaldo-Figueroa, the court said that the presence of an attorney is not, it still has to be a knowing and considered waiver. And the presence of an attorney won't cure a waiver that is not knowing and considered. Why isn't it knowing and considered in this case? Because the immigration judge is required to tell the person if they're eligible for any kind of relief. And Mr. Mendez was told he was not eligible for a 212C waiver by the immigration judge. What is the test for determining whether or not a 16-year-old can waive a constitutional right? We have a 16-year-old here, and everybody is, the government is trying to say he waived all his rights. And my question is, what is the test for determining whether or not a 16-year-old has the mental capacity or the ability to waive a constitutional right? I do not know the answer to that, Your Honor. Oh, why don't you know the answer? Isn't that the question? He was 16 in 1995, so that would go to whether or not... What was the state law concerning 16-year-olds at the time he entered, at the time the act was committed? Well, the state law, they had just passed a mandatory minimum prior to his commission of defense. They had passed what was called Measure 11 under the state of Oregon law that made it a mandatory sentence for this type of offense. They took away his rights as a juvenile delinquent without determining whether or not he had the ability to become an adult? They prosecuted him in criminal court, yes, Your Honor. How old was he when he made the waiver? I'm sorry, Your Honor? How old was he when he made the waiver? In the immigration proceedings, he was 23 at that point. He was 23 when he made the waiver of his right to appeal... When he did not appeal the denial of the 212C waiver. He was 16 when he was convicted of this offense in 1995. Some kind of child molesting offense? He was 16, and yes, the girl was 11, just sort of 12, and he was convicted of subjecting her to sexual contact. There was no evidence of force, violence, or threats, however? That's correct, Your Honor. There was not. Was the motion to reconsider filed on time? It was filed after he was left behind. It was filed after the 30-day time limit. What effect does that have? There are exceptions to the 30-day time limit, and specifically in this case, last year, there were regulations published by the department in September 2004 that waived the time requirements for special motions to reopen for 212C relief where the immigration judge or the board had wrongly denied an individual a 212C hearing. It was after the St. Cyr case. So in a sense, the department has waived the time requirements. If you want to save a few seconds, unless my colleagues have more questions for you, you might want to go ahead. Thank you, Your Honor. Counsel? Good afternoon. May it please the Court, Jan Redfern for the respondent, the Attorney General. In March of 1996, the petitioner Menendez pled guilty to first-degree sexual abuse of an 11-year-old girl and accepted a 75-month term of imprisonment. In 2002, he was placed in removal proceedings for having been convicted of an aggravated felony. Now, at those removal proceedings, he admitted the factual allegations of the charges and conceded removability for his conviction of an aggravated felony. So the sole issue at his removal hearing was whether he was eligible for 212C relief. The immigration judge here concluded that because of the amendments to the INA in 1990, he was not eligible for 212C relief, and that in conjunction with the Supreme Court case of St. Cyr, the immigration judge concluded he was not eligible for that relief. That was after St. Cyr, that hearing? Yes, Your Honor. St. Cyr was 2001, and the petitioner's removal hearing was 2003. Then the petitioner, represented by counsel... So the Supreme Court has said that when we look at the law, the criminal law, we look at minors differently than we look at adults. That could be true. Now, wouldn't that apply to a situation in which a 16-year-old would normally be entitled to the status of a juvenile delinquent, but instead the state imposes a five-year prison sentence on a 16-year-old kid? Well, Your Honor, the petitioner's never... Showing the difference between 16-year-olds and adults is applicable in this case? No, Your Honor, it's not, because the petitioner has never contested the fact that he was convicted of this first-degree sexual abuse. The facts speak for themselves. In constitutional cases, the facts speak for themselves. We don't care whether somebody thinks it should be differently. The facts are facts. He was 16 years old. He should be treated differently than an adult, and he wasn't. Your Honor, that may be true in his criminal proceeding, and he had every right to bring that up in his criminal proceeding. I thought he was treated differently from an adult. In his criminal proceeding? Yes. I believe he was given the mandatory sentence for the crime for which he pled guilty. As far as whether he was treated differently, he may have been given some type of leniency, but the record conviction documents demonstrate that he was given the mandatory sentence. And it also shows that he had two other offenses for which he pled not guilty, and he pled guilty to the first-degree sexual abuse. And in turn, the government dropped those two offenses. So he was actually facing more than the 75 months of imprisonment at the time. Could you help me on why we should follow Velasco, Medina, and why we should distinguish Ubaldo, Figueroa, and Paz, Leon Paz? Yes, Your Honor. In Velasco, Medina. Why is this case distinguishable from one pair and indistinguishable from the other one? It's not indistinguishable from Velasco because, like the petitioner in Velasco, this petitioner was placed on notice after the 1990 amendments that he would be ineligible to receive 212C relief if, at the time of his plea, he was convicted of an aggravated felony and he served more than five years. Now, unlike the petitioner in Ubaldo and Leon Paz, the petitioner did not plead guilty after AEDPA. But really, AEDPA had no effect on his plea because AEDPA just removed one of the limitations for 212C relief. AEDPA didn't affect his guilty plea in one way or the other. It wasn't until ARERA was passed that he became ineligible for 212C relief by virtue of the fact that his crime became an aggravated felony. So you're conceding that there's a difference in the timing as to AEDPA but saying it doesn't matter because ARERA is what mattered and he pleaded after ARERA. Well, he pled before ARERA, but the difference is he pled after the 1990 amendments. They had been on the books for six years at the time of his plea. And the law in effect at the time was that 212C relief was not available to an aggravated felony who had served more than five years imprisonment. So he knew at the time of his guilty plea that he wouldn't be eligible for 212C relief. But that's even stepping ahead a little bit. At the time of his guilty plea, he wasn't even deportable. So under the St. Cyr case and under this case in Velasco and Cortez, the fact that he wasn't even deportable meant that he was ineligible for 212C relief. In any of these cases involving retroactivity, not only in relationship to immigration purposes, but any case, has the Supreme Court said that retroactivity applies to 16-year-olds? Not that I'm aware of, Your Honor. Why should it apply then in this case? Because, again, Your Honor, the petitioner has never opposed the fact that he was— But he's only 16, and that's a difference. Your Honor, at the time he was in removal proceedings, as the petitioner's counsel said, he was 23. He was an adult. He could have decided at that point that, well, when he was 16, he could have pled guilty or not guilty in exchange for government benefits. But at the time of his removal hearing is really the only thing that's concerned here because the petitioner never objected to the fact that he was an aggravated felon. The only issue is whether he was eligible for 212C relief. See, back up and clarify. If he was not an aggravated felon under the law, then would it make a difference in this case? If he was not an aggravated felon at the time of his— As a matter of law. At which point, Your Honor? At the time he committed the offense. At the time he committed the offense, he was a juvenile delinquent. And he was not an aggravated felon. All of a sudden, all of a sudden, he finds that he's an aggravated felon. That's correct. A lot of hearing has to do with his capacity to understand the difference between his status as a juvenile delinquent and as an aggravated felon. That's the same thing that happened in Velasco and Cordes. That was not a minor. But the petitioners were still not aggravated felons at the time of their removal hearings. But they were not minors. Correct, Your Honor, but we go back to the same point that at the time of his hearing, he was 23 years old, and he did not contest that he was an aggravated felon. I'm talking about the state court proceedings to determine whether or not he was an aggravated felon under the state law. That's correct, Your Honor. But just like in Velasco and Cordes, the petitioners were not aggravated felons at the time. And it's irrelevant what age they are at the time in the context of the removal proceedings. Now, getting back to St. Cyr, the court held that 212C relief remained available for aliens who met three criteria. They had to plead guilty. They had to be eligible for 212C relief at the time. And at the time that they entered into their plea agreement, they had to have subtle expectations of receiving relief. But the petitioner in this case meets only one of those criteria. He pled guilty. He was not eligible for 212C relief because at the time of his plea, he was not deportable like this court held in Velasco and Cordes. And he was also not eligible for 212C relief because he accepted a sentence of more than five years' imprisonment. Counsel, you're arguing this case as if you agree with opposing counsel's statement that you waived any ability to rely on the late filing of the motion to reconsider. Do you agree with opposing counsel that that is not a basis on which to conclude that the BIA did not make a mistake? Well, I would just clarify that the government's position is that the motion for reconsideration was untimely, so the court had no jurisdiction over it. And it was also filed after he departed the United States. So, again, the board had no jurisdiction over it. So if we were to agree with that, isn't the rest of the conversation beside the point? It is, Your Honor, and that is my second point today, that it's not really raised in the government's brief but needs to be reiterated, that if the board had no jurisdiction over the untimely motion for reconsider filed when the petitioner was outside the United States, the court likewise has no jurisdiction over that decision. Because if the board had no jurisdiction to consider the issue, then it's not a final order of removal. In this case, as the court's aware, the petitioner waived appeal to the board and was deported from the United States. The fact that he filed a petition or a motion for reconsideration after he left the United States precluded the board from considering his later arguments. And in turn, the court has no jurisdiction over the board's decision. It was not a final order of removal. His final order of removal was when the immigration judge ordered him removed, found that he was ineligible for 212C relief, and then the petitioner waived appeal. And it is a considered and intelligent, knowing waiver of his appeal when he consulted with his attorney, when the whole proceedings were in his native language, whether that was English or Spanish, I can't recall, but there is no issue about interpreter at that point. And the immigration judge questioned him, do you understand that you may never be able to re-enter the United States? And he said, yes. And he said, now, I could be wrong on this 212C issue. It's a significant legal issue. Do you understand that? And he said, yes. And he said, and you still want to waive appeal? And he said, yes, I do. So, at that point, his final, his issue, his order of removal, excuse me, became final when he left the country. So, at this point, there is no jurisdiction over the petition for review. There are no further... Is it a matter that the service didn't brief it that way? No, Your Honor, because jurisdictional arguments were never waived. Thank you. Thank you, Counsel. Your Honor, the board did reach the merits on the motion to reconsider, and so there are exceptions to the time issue and the filing of the motion outside the United States. There is also a futility exception to this exhaustion requirement. There was a regulation in place that would have precluded the board from changing the result of the immigration judge. So the regulation said that an individual who had been convicted of an aggravated felony and served five years in prison was not eligible for the 212C waiver. And so the board could not have reversed the immigration judge. With regards to the immigration consequences, St. Cyr focused on the immigration consequences at the time of the plea. And one immigration consequence is deportability. The other immigration consequence of a guilty plea is inadmissibility. And in both cases, the individual needs a 212C waiver. So at the time he pled guilty, he became inadmissible. And being inadmissible, that meant he could never leave the United States. If he left the United States, when he returned to the country, he would be placed in removal proceedings and charged with a ground of inadmissibility. And at that point, he could apply for the 212C waiver. Thank you, counsel. Thank you, Your Honor.
judges: Ferguson, Kleinfeld, Graber